[787 NYS2d 664]

In the Matter of CHARLES FRANKLIN DAVIS, JR., an Attorney, Resignor.

Second Department, January 18, 2005

**APPEARANCES OF COUNSEL**

*Renfroe & Quinn,* Forest Hills (*Christopher Renfroe* of counsel), for resignor.

*Robert P. Guido,* Hauppauge (*Michael Fuchs* of counsel), for Grievance Committee for the Tenth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

Charles Franklin Davis, Jr., has submitted an affidavit dated September 21, 2004, wherein he tenders his resignation as an attorney and counselor-at-law (see 22 NYCRR 691.9). Mr. Davis was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on September 18, 1985.

The Grievance Committee has informed Mr. Davis that its ongoing investigation has adduced evidence of his professional misconduct which would result in a recommendation that a disciplinary proceeding be prosecuted against him. It is alleged that from approximately February 25, 1999, through September 25, 2003, Mr. Davis was entrusted with $5,000 of a client's funds to be held in escrow in connection with a real estate transaction. During that time, Mr. Davis failed to properly maintain and preserve those funds.

Mr. Davis acknowledged his inability to successfully defend himself on the merits of disciplinary charges based upon the aforesaid acts of professional misconduct. Accordingly, he requests that his resignation be accepted by the Court.

Mr. Davis avers that his resignation is freely and voluntarily tendered and that he is not being subject to coercion or duress by anyone. He has discussed his decision to resign with his attorney and others whose advice and counsel he respects, and is fully aware of the consequences of its submission, including being barred from seeking reinstatement for at least seven years.

Mr. Davis's resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that he make restitution and reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a) (a). Mr. Davis acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him, and he specifically waives the opportunity afforded him by Judiciary Law § 90 (60-a) (f) to be heard in opposition thereto.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, the Grievance Committee submits that it should be accepted by the Court.

The resignation of Charles Franklin Davis, Jr., is accepted, and effective immediately, he is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., FLORIO, SANTUCCI, GOLDSTEIN and SMITH, JJ., concur.

Ordered that the resignation of Charles Franklin Davis, Jr., is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Charles Franklin Davis, Jr., is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Charles Franklin Davis, Jr., shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Charles Franklin Davis, Jr., is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the resignor, Charles Franklin Davis, Jr., has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).